IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | 2:07-cv-469-GEB |
| | ) | |
| MAGED SOLIMAN, | ) | |
| | ) | |
| Debtor. | ) | ORDER* |
| _____ | ) | |
| | ) | |
| MAGED SOLIMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN SMITH, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appellant Debtor Maged Soliman ("Debtor") appeals bankruptcy court's denial of the discharge of his debt following a trial, arguing the denial was based on grounds outside the scope of the pleadings and was not supported by the evidence.

"[T]he bankruptcy court's findings of fact [are reviewed] for clear error, and its conclusions of law [are reviewed] de novo.

_____

* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

. . .  Findings of fact based on credibility are given particular

deference by reviewing courts." <u>In re Beauchamp</u>, 236 B.R. 727, 729-30

(9th Cir. B.A.P. 1999) (internal citations omitted).  "[W]hen the

bankruptcy court's weighing of the evidence is plausible in light of

the record taken as a whole, a finding of clear error is precluded

. . . ."  <u>In re Bradley</u>, 501 F.3d 421, 434 (5th Cir. 2007).  Debtor

"has the burden of showing [the bankruptcy court's] findings of fact

[we]re clearly erroneous."  <u>In re Burkhart</u>, 84 B.R. 658, 660 (9th Cir.

B.A.P. 1988).

Debtor argues the bankruptcy court erred since the complaint

filed by Susan Smith, the bankruptcy trustee ("Trustee"), did not

specifically allege discharge should be denied for the reasons on

which the bankruptcy court relied.  (Appellant's Opening Br. at 11-

13.)  The bankruptcy court denied Debtor's discharge on the grounds

that Debtor: (1) knowingly and fraudulently withheld a document from

the Trustee, specifically, a lease agreement whereby Debtor leased a

property in Lodi, California, to tenants ("the Lodi property lease

agreement"); and (2) Debtor made a false oath when he filed an

unlawful retainer complaint against those tenants and stated in the

complaint that he was the "owner" of the Lodi property when in fact

ownership had passed to the Debtor's bankruptcy estate.  (Appellant's

Excepts of Record ("AER") at 372-78.) Debtor argues that since the

Trustee never moved to amend her complaint to include these grounds

for discharge, the bankruptcy court improperly denied discharge.

(<u>Id.</u>)

The Trustee counters that no amendment to the complaint was

necessary since the issue of whether Debtor knowingly and fraudulently

withheld the Lodi property lease agreement was tried by the parties'

implied consent under Federal Rule of Civil Procedure ("Rule")
15(b)(2).[1]  (Appellee's Br. at 13-15.)  Under Rule 15(b)(2), "When an
issue not raised by the pleadings is tried by the parties' . . .
implied consent, it must be treated in all respects as if raised in
the pleadings . . . [and] failure to amend does not affect the result
of the trial on that issue."  Fed. R. Civ. P. 15(b)(2).  Debtor
contends that the issue of Debtor's withholding of the Lodi property
lease agreement was not tried by his implied consent since it was
"litigated over the objection of the Debtor."  (Appellant's Opening
Br. at 19.)  However, Debtor did not object to trial of the issue
whether Debtor knowingly and fraudulently withheld the lease agreement
from the Trustee.[2]  (AER at 311-15.)  Since Debtor has not
demonstrated that he objected to trial of this issue during the
bankruptcy trial, the Trustee has shown that this issue was tried by
the parties' implied consent.  Accordingly, Debtor has failed to show
the bankruptcy court erred on this ground.

Debtor also argues the bankruptcy court erred since its
finding that he knowingly and fraudulently withheld the Lodi property
lease agreement was not supported by the evidence.  (Appellant's
Opening Br. at 16-19.)

---

[1]     Rule 15 applies in this bankruptcy case.  Fed. R. Bankr.
P. 7015.

[2]     Earlier in the trial, Debtor did object to introduction
of the unlawful retainer complaint (which contained the alleged
false oath) on the ground that the unlawful retainer complaint
"took place long after the [Trustee's] complaint was filed . . .
and it's not relevant to this case."  (AER at 221.)  The portion of
the appeal concerning the sufficiency of this objection and the
bankruptcy court's reliance on this evidence to deny Debtor's
discharge need not be decided because of decision on the lease
agreement withholding issue, infra.

1           Under 11 U.S.C. § 727(a)(4)(D), Debtor's discharge may be

2  denied if "the debtor knowingly and fraudulently, in or in connection

3  with the case . . . withheld from [the Trustee] . . . any recorded

4  information, including books, documents, records, and papers, relating

5  to the [D]ebtor's property or financial affairs."  On January 29,

6  2006, the Trustee requested documents from the Debtor, including

7  "[c]opies of all agreements" of Debtor's real property that was rented

8  or leased.  (Id. at 111-112.)  Although Debtor had leased Lodi

9  property to the tenants pursuant to the lease agreement, Debtor did

10  not provide the Trustee with a copy of the lease agreement.  (Id. at

11  66, 373.)  The bankruptcy court found:

12           I don't think there can be much doubt that the
                  Trustee requested copies of the documents in

13           respect to the rental property . . . [Debtor's
                  counsel] has argued that the Debtor turned over

14           everything that he had at the time that the
                  Trustee requested all of the documents, and yet he

15           did not turn over the lease agreement. . . .  I
                  cannot accept the Debtor's explanations in respect

16           to the residential real property.  That, of
                  course, relates to Debtor knowingly and

17           fraudulently in or in . . . connection with the
                  case . . . withheld from [the Trustee] . . . any

18           recorded information . . . .  I find that after
                  reviewing all of the testimony here and the

19           documentary evidence that was introduced, the
                  testimony of the witnesses and so forth, that

20           under a preponderance of the evidence that the
                  Debtor . . . failed to provide all the documents

21           that were required to be provided to the Trustee.[3]

22  (Id. at 373, 377.)  Debtor argues that the bankruptcy court's findings

23  were erroneous because there was insufficient evidence that Debtor

24  knowingly and fraudulently withheld the lease agreement, Debtor's

25  withholding of the lease agreement was not material, and the Trustee

26

27

28       [3]    Although the bankruptcy court referred to the property at issue as the "Folsom" property, it is clear from the context that the court is referring to the Lodi property.

1  never specifically asked for the lease agreement.  (Appellant's

2  Opening Br. at 16-19.)  However, Debtor has not shown the bankruptcy

3  court's findings that he knowingly and fraudulently withheld the Lodi

4  property lease agreement from the Trustee, that the lease agreement

5  was material, and that the Trustee asked for the lease agreement were

6  not "plausible in light of the record viewed in its entirety."

7  Bradley, 501 F.3d at 434.  (See AER 373-77.)  Accordingly, Debtor has

8  failed to show the bankruptcy court erred in denying discharge on this

9  ground.

10        For the stated reasons, the bankruptcy court's decision is

11  affirmed.

12  Dated:  March 21, 2008

13

14                          _____
                            GARLAND E. BURRELL, JR.
15                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28